# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SHERRILL, | |
| Plaintiff, | CIVIL ACTION NO. 3:23-cv-01270 |
| v. | (SAPORITO, M.J.) |
| SOCIAL SECURITY ADMIN., | |
| Defendant. | |

## MEMORANDUM

Now before the court is a letter by the *pro se* plaintiff advising the court that he wishes to withdraw this social security disability appeal, which we have liberally construed as a motion to voluntarily dismiss this action for judicial review without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 14.) *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions).

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1),[1]

---

[1] Rule 41(a)(1) permits voluntary dismissal without court action by filing of notice of dismissal before an answer or summary judgment motion has been filed by the defendant(s), or upon the filing of a stipulation of dismissal signed by all parties that have appeared. Fed. R. Civ. P. 41(a)(1). Neither scenario applies in this instance.

an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

> A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court. "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.". . . In ruling on a motion to dismiss under Rule 41(a)(2), a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense. Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party. . . . [T]he Third Circuit has taken a restrictive approach to granting dismissal without prejudice.

*Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2364 n.19 (2d ed. n.d.)) (citations and ellipsis omitted). Generally, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a

second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990).

Having considered these several factors, we find no prejudice to the defendant that would result from dismissal.

Accordingly, the plaintiff's motion for voluntary dismissal (Doc. 14) will be granted, the action will be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and the case will be closed.

An appropriate order follows.

Dated: January 2, 2024

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge